**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LESLIE METAL ARTS COMPANY, INC., Respondent.**

**No. 80–1704.**

United States Court of Appeals, Sixth Circuit.

March 25, 1982.

Elliott Moore, Deputy Associate Gen. Counsel, Edward Dorsey, N. L. R. B., Washington, D. C., for petitioner.

Barry R. Smith, Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich., for respondent.

Before LIVELY and MERRITT, Circuit Judges, and PECK, Senior Circuit Judge.

ORDER

This matter is before the court on an application for enforcement of an order of the National Labor Relations Board and a cross-petition to review that order. In its

order the Board found that the respondent had violated Section 8(a)(5) of the Act by refusing to bargain with a union which had been duly certified as the representative of its employees. The order of the Board is reported at 249 NLRB No. 21 (1981). The respondent admits that it refused to recognize and bargain with the union but contends that the results of the election should be set aside because of misrepresentations by the union in the period preceding the election. The respondent contends that the union misrepresented the percentage of employees required to indicate an interest in the union before there could be an election, that the union improperly traded upon the prestige of the National Labor Relations Board by circulating a writing in which an agent of the Board was quoted and that it seriously misrepresented the wages being paid by a competitor whose employees were represented by the union. The Board contends that it reasonably exercised its discretion in rejecting the respondent's objections to the election.

Upon consideration of the briefs and oral arguments of counsel together with the record now before the court, we conclude that the Board did not abuse its discretion in overruling the objections to the election. The claim that the union misrepresented the percentage of interest required for organization was rejected because the statements referred to were made so far in advance of the election that the respondent had ample opportunity to respond if in fact there was a misrepresentation. The Board also found that the union had not sought to give the impression that the Board favored the union, but had merely quoted a Board agent in responding to a misrepresentation by the respondent. The Board further found that the respondent failed to establish the wages actually being paid by the competitor and concluded that any misstatement of those wages was not serious.

The order of the Board is enforced.